**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS S. WILLIAMS,** | § | |
| **#10075609,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:12-CV-00926-N-BK** |
| | § | |
| **PARKLAND HEALTH AND** | § | |
| **HOSPITAL SYSTEM,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that Plaintiff's federal civil rights claims be dismissed with prejudice as frivolous and his state-law negligence claims be dismissed without prejudice.

**I. BACKGROUND**

On March 8, 2012, Plaintiff Carlos Williams, a pretrial detainee at the Dallas County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against Defendant Parkland Health and Hospital System ("Parkland"). (Doc. 4). The Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the Complaint and Answers to the Magistrate Judge's Questionnaire. (Doc. 8). [1]

Although Plaintiff's *pro* se pleadings are difficult to decipher, he appears to allege civil rights and medical malpractice claims stemming from an April 2011 surgery on his right ring

---

[1] On March 23, 2012, the Court severed Plaintiff's claims against Defendant Parkland Health and Hospital System from the original complaint in *Williams v. Williams*, et al., No. 3:12-CV-0705-N-BK. (Doc. 3).

[2] *See Beamon v. Parkland Hospital*, 2008 WL 4061417, at *2 n.1 (N.D. Tex. Aug. 20, 2008) (the Dallas County Hospital District, doing business as Parkland Health and Hospital System, is a political subdivision of the State of Texas).

[3] The employment of a form questionnaire is a useful means by which the court can develop the factual basis for a

finger at Parkland Hospital. (Doc. 8 at Answer 1, 2). He alleges Parkland failed to adequately

warn him of the consequences of surgery, fractured a bone in his right ring finger during surgery,

failed to remove the cast in a timely fashion which impaired the use of his right pinkie finger,

and refused to provide adequate pain medication and therapy in the months following his

surgery. *Id.* at Answer 2, 3. Plaintiff further alleges that the fractured bone and swelling in his

right hand have "caused [him] a permanent disability," which prevents him from "grab[bing]

anything." *Id.* He requests compensatory damages. *Id.* at Answer 4.

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening

under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provide for *sua sponte* dismissal

of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim

upon which relief may be granted, or (3) seeks monetary relief against a defendant who is

immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in

law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are

held to less stringent standards than formal pleadings drafted by lawyers). Even under this most

liberal construction, the complaint should be dismissed as frivolous.

### Federal Civil Rights Claims

Title 42, United States Code, section 1983 "provides a federal cause of action for the

deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the

Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

To state a claim under section 1983, a plaintiff must allege facts that show that (1) the defendant deprived him of a right secured by the Constitution and the laws of the United States, and (2) when doing so, the defendant was acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Plaintiff seeks to hold Parkland, a local governmental entity,[2] liable for alleged constitutional violations stemming from a surgery on his right ring finger and denial of medical care and treatment following the surgery.  Plaintiff, however, declined to name any individual defendants in his responses to the magistrate judges' questionnaire.[3]  (Doc. 8 at Answer 3).  Even assuming Plaintiff could allege sufficient facts establishing a constitutional violation, he cannot sue a local government entity, such as Parkland, under a theory of vicarious liability or *respondeat superior*.

A local governmental entity cannot be held liable under a *respondeat superior* theory, that is, "a local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents."  *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).  Indeed, when a litigant seeks to hold a governmental entity liable for a violation under section 1983, he must show that the unconstitutional actions resulted from an official policy or custom of that entity.  *Monell*, 436 U.S. at 694; *see also Beamon*, 2008 WL 4061417, at *2 (applying *Monell* to civil rights claim against Parkland).  Moreover, a local government entity may be held liable "where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval."  *Id.*  The plaintiff, however, must do

---

[2]  *See Beamon v. Parkland Hospital*, 2008 WL 4061417, at *2 n.1 (N.D. Tex. Aug. 20, 2008) (the Dallas County Hospital District, doing business as Parkland Health and Hospital System, is a political subdivision of the State of Texas).

[3] The employment of a form questionnaire is a useful means by which the court can develop the factual basis for a prisoner's complaint.  *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

more than allege an isolated incident to show a common practice or custom for section 1983

liability. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

In the case before the Court, Plaintiff alleges a single incident involving his surgery and

post-op treatment. (Doc. 8 at Answer 3). Even when liberally construed, his pleadings are

devoid of any allegation that a policy or custom or a persistent and widespread practice of

Parkland resulted in the deprivation of his constitutional rights. While Plaintiff contends he was

not informed of the risks of surgery in accordance with "patients [sic] rights in a Parkland

Manual," he does not claim that Parkland has a custom or policy of failing to advise patients of

potential risks prior to surgery. (Doc. 8 at 2). Moreover, Parkland cannot be held responsible

through vicarious liability for the actions of the medical personnel Plaintiff faults for his

inadequate care.

Plaintiff also alleges that Parkland engaged in negligence and medical malpractice. (Doc.

8 at answer 2). However, negligence is insufficient to "rise to the level of a constitutional

violation." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989

F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable

basis upon which to predicate a section 1983 action") (citations omitted).

Thus, all claims against Parkland lack any arguable basis in law and should be dismissed

with prejudice as frivolous.

**State Law Negligence Claims**

Having recommended dismissal of all section 1983 claims over which the Court has

federal question jurisdiction, the Court should decline to exercise supplemental jurisdiction over

Plaintiff's state-law negligence claims. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline

to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

dismissed all claims over which it has original jurisdiction"). Accordingly, Plaintiff's state-law

negligence claims should be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's section 1983 claims be **DISMISSED** with  prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that his state-law negligence claims be **DISMISSED** without prejudice under 28 U.S.C. §1367(c)(3), and that **THIS CASE BE CLOSED**.  The dismissal under sections 1915(e)(2)(B) and 1915A(b) will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

SIGNED on July 18, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE